**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

CEDRIC BARGE,                                    :
                                                 :
            Petitioner,                          :
                                                 :
v.                                               :          CASE NO. 7:08-CV-104 HL
                                                 :              28 U.S.C. § 2254
LANCE WALKER and                                 :
MICHELLE SMITH,                                  :
                                                 :
            Respondents.                         :

## REPORT AND RECOMMENDATION

On January 13, 2004, Petitioner Barge was arrested in Lamar County, Georgia, and charged in Indictment No. 2004-C-017, Count I with Possession of Marijuana, Count II with Possession of Marijuana with Intent to Distribute, and Count III with Possession of Marijuana. On July 19, 2004, Petitioner Barge pleaded guilty to Possession of Marijuana under the Official Code of Georgia Annotated (O.C.G.A.) § 16-6-31, and apparently Counts II and III, either in the original Indictment or in a Superseding Indictment, were nolle prossed. Subsequent to his guilty plea, Petitioner Barge was sentenced to a split sentence of 20 years, the first 10 to be served in prison and the remainder to be served on probation. He was also ordered to pay a fine in the amount of one hundred thousand dollars.

On February 10, 2005, Petitioner Barge filed a Petition for Writ of Habeas Corpus pursuant to O.C.G.A. § 9-14-40, *et seq*., in the Superior Court for Tattnall County, Georgia. His petition was denied on August 6, 2007. (Doc. 7-2, at1-16). Petitioner filed an Application for Probable Cause to Appeal his habeas decision pursuant to O.C.G.A. § 9-14-

52, and the same was denied on March 31, 2008.  (Resp. Ex. 4).  On July 28, 2008,

Petitioner filed his present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

in this Court. (Doc. 1).

## Standard of Review

As amended April 24, 1996,  by the Anti-terrorism and Effective Death Penalty Act

(AEDPA), 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>
> (A) the claim relies on –
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

2

In *Williams v. Taylor,* 529 U.S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in  the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523.  Justice O'Connor, writing for the majority of the Court,  added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 1521.  In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

3

> relevant state-court decision applied clearly established federal
> law erroneously or incorrectly.  Rather, that application must
> also be unreasonable.

*Id.* at 1522.

## Petitioner's Habeas Claims

In his application for habeas corpus relief before this Court, Petitioner cites five claims of error.  In his **Ground One,** Petitioner Barge contends that the trial court imposed a sentence for an offense which he did not commit.  Petitioner contends that upon his plea of guilty to Count 1 of a Superseding Indictment charging Possession of Marijuana, the trial court imposed a sentence for trafficking in marijuana rather than simple possession of marijuana. (Doc. 7-2 at 3).  This Court must observe that the State Court found the following facts from Petitioner's guilty plea hearing, to wit, that Petitioner Barge admitted that on January 13, 2004, he was driving a motor vehicle which contained approximately **sixty pounds** of marijuana to which he claimed ownership.  (Resp. Ex. 2, Guilty Plea Transcript, at 2, 3, 8).

The Official Code of Georgia 16-13-31(c) provides:

> Any person who knowingly ... has possession of a quantity
> of marijuana exceeding 10 pounds commits the offense of
> trafficking in marijuana and, upon conviction thereof, shall be
> punished as follows:
> (1) If the quantity of marijuana involved is in excess of 10
> pounds, but less than 2,000 pounds, the person shall be
> sentenced to a mandatory minimum term of imprisonment of
> five years ... .

The maximum penalty under the circumstances to which Petitioner pleaded guilty is established at O.C.G.A. § 16-13-30(d) as no more than 30 years.  Petitioner Barge was sentence under the possession statutes to a split sentence of 10 years to serve and 10 on probation thereafter.  He does not seem to understand that the amount of marijuana possessed effects the sentence to be imposed for a possession charge, according to the statutes cited above.  The record does not reflect any negotiated plea bargain, and the State Court found none.  Barge was not sentenced to a crime that he did not commit, as established by his guilty plea.  He violated O.C.G.A. §§  16-13-31 and 16-13-30(d).  The factual findings of a state court are entitled to a presumption of correctness.  *See Hunter v. Sec'y for the Dep't of Corr.,* 395 F.3d 1196, 1200 (11th Cir. 2005).  There is no merit in Petitioner's  Ground One claim and this Court is bound by the findings of the State habeas corpus court, particularly in view of Petitioner's obvious misinterpretation of the statute under which he was charged.

Petitioner Barge's **Ground Four** is closely related to his first claim discussed above.  Barge contends that he was denied procedural due process and exposed to double jeopardy, because the prosecutor nolle prossed Counts 2 and 3 of the original indictment and "never gave the Petitioner notice of the charge against him," and that Count 1 and 3 of the Superseding Indictment were the same charge under Georgia law. (Doc. 7-2 at 10).  Petitioner  Barge ignores the fact that he pleaded guilty to only Count 1of the Superseding Indictment and therefore suffered no detriment nor double jeopardy as to any of the other Counts which were nolle prossed.  Moreover, in *Tollett v. Henderson,* 411 U.S. 258, 267

5

(1973), the United States Supreme Court held:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 267.  Petitioner's allegation that the prosecutor failed to properly enter nolle prosequi, according to the provisions of O.C.G.A. § 17-8-3, fails to raise a constitutional issue reviewable in this court.  Likewise, it has no effect on Petitioner's case.  Such failure, if any, does not affect the validity of a new indictment.  *See Casillas v. State,* 267 Ga. 541 (1997).  Petitioner Barge pleaded guilty to Count I of the Superseding Indictment and eliminated all potential defenses he may have had to old charges.  *See United States v. Broce,* 488 U.S. 563, 573 (1989).  The State sentencing court has made no unreasonable applicable of clearly established Federal law as determined by the United States Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000).

Petitioner Barge contends in his **Ground Two** that his "guilty plea was not intelligently and voluntarily entered with the understanding of the sentence and nature of the charge." (Doc. 7-2 at 6).  To the contrary, the State habeas court found from the record that the State sentencing court had correctly advised Petitioner Barge of his constitutional rights and had established a proper basis for the guilty plea. (Resp. Ex. 2, at 4-5).  The State habeas court specifically found that Barge had been advised of his right to jury trial rather than pleading guilty to the indictment, his right against self-incrimination, and his right to cross

examine witnesses. (Resp. Ex. 3, at 3-4). Of course, the record reflects that Petitioner was counseled during the whole process. Pursuant to the standards set by *Williams v. Taylor, supra,* this Court must defer to the State habeas court's decision pursuant to § 2254 (Resp. Ex. 3). There is not evidence of record that the State court did not follow the correct constitutional standards and the decision reflects a reasonable and correct interpretation of the facts and law of Barge's case.

Petitioner's **Ground Three** asserts that "he received ineffective assistance of counsel (because) Petitioner's attorney and the prosecutor failed to inform the court that there was an agreed upon plea bargain in his case." The State habeas court evaluated Petitioner's claim of ineffective assistance of counsel under the appropriate Federal law, to wit, *Strickland v. Washington,* 466 U.S. 668 (1984) and, as to the guilty plea standard, *Hill v. Lockhart,* 474 U.S. 52 (1985) (Resp. Ex. 3, at 4-5), and found that Petitioner had failed to show either ineffective assistance of counsel or prejudice to his case from any alleged errors or omissions of his attorney. (Resp. Ex. 3, at 5-6). The State habeas court specifically found from the uncontested statement by the prosecutor to the State sentencing court that Petitioner's guilty plea was made without a plea bargain agreement. (Resp. Ex. 2, Waiver of Constitutional Rights; Resp. Ex. 3, at 5-6). The State sentencing judge specifically stated:

> Do you understand that there is no negotiated plea in this case, that it's up to the Court to decide what to do with you in this situation? [Do] You understand that? What that means is that there is no outstanding offer. I'll tell you what the range of punishments are. The maximum sentence that you could get is thirty years in prison. The minimum is five years in prison. And there is a minimum mandatory fine of one hundred

thousand dollars. [Do] You understand that?

Petitioner Barge answered, "Yes, sir."   (Resp. Ex. 3, at at 5-6).  The record shows and the State habeas court also found that the State sentencing court even advised Petitioner Barge, that the court intended to impose a split sentence of 20 years with 10 to be served and 10 on probation, and that Petitioner understood that sentence.  (Resp. Ex.3, at 9-12, 14). Moreover, the State sentencing court addressed Petitioner Barge directly before sentencing in the following colloquy:

> COURT: Mr. Barge, Mr. Wilson is your attorney.  You've entered a plea without a recommendation.  You understand that? The Court's already told you what it is going to do, correct?
>
> DEFENDANT: Yes, sir.
>
> COURT: And the Court intends to follow what it has said.  But you did this on a blind plea which means there is no recommendation.  The Court just told you what they were going to do and you admit your guilt and you've entered a plea without having to put the jury to the test. Is that correct?
>
> DEFENDANT: Yes, sir.

(Resp. Ex. 3, p. 13).   The State habeas court's finding that Petitioner's guilty plea was freely, understandingly, and voluntarily made was not contrary to Federal law and was fully supported by the facts of the case.  There has been no violation of Petitioner's constitutional rights, and the decision reflects a reasonable and correct interpretation of the facts and law of Barge's case.

In **Ground Five,** Petitioner Barge "contends that the Georgia Supreme Court violated

8

his procedur(al) due process rights under the fourteenth amendment clause (when) the Georgia Supreme Court failed to properly review the Petitioner's habeas corpus appeal by not giving a written opinion to why they denied the Petitioner's appeal in his case.

Petitioner Barge proffers no authority which imposes upon the Georgia Supreme Court any constitutional duty to render a written opinion when denying an Application for Probable Cause to Appeal a Habeas Corpus decision and none is mandated by the pertinent Georgia statute, to wit, O.C.G.A. § 9-14-52. Petitioner's only reference to his Ground Five claim is found in his Traverse to the Government's Answer to his Petition, (Doc. 8), where he states, "Petitioner has shown that Ga. Supreme Court has overlooked the numerous errors made by the trial court, district attorney, Petitioner's former attorney in Petitioner's case."

First, none of Petitioner's claims have been found by the State habeas court or this court to have been error. There were no *numerous errors* for the Georgia Supreme Court to overlook. Secondly, the Eleventh Circuit Court of Appeals has held that errors raised by a petitioner which do not involve the reason for his confinement are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Specifically, that Court held that:

> In *Spradley v. Dugger,* we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir.1987); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (agreeing

9

> with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *See Spradley,* 825 F.2d at 1568.

Petitioner is not challenging his conviction in Ground Five. Therefore, this claim is clearly an attack on a proceeding collateral to his conviction and, therefore, not cognizable in habeas corpus. 28 U.S.C. § 2254; *Quince*, 360 F.3d at 1261 (11th Cir. 2004).

Petitioner is entitled to no relief on any of his claims stated. Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel or any of his claims.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 28th day of January 2010.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE